UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL MANNA MELAKE,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No.  1:26-cv-01582-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Samuel Manna Melake is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition is fully briefed. (ECF Nos. 1, 7, 15.) Respondent's motion to dissolve this court's no-removal order is also pending. (ECF No. 12.) For the reasons set forth below, the undersigned recommends the no-removal order be dissolved and the petition be denied without prejudice.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Petitioner is a native and citizen of Eritrea. (ECF No. 1, generally.) Under respondents' evidence, on April 30, 2026, an immigration judge ordered petitioner removed to Sweden, or, alternately, Eritrea. (ECF No. 12 at 4-7.) Petitioner reserved appeal. (Id. at 7.) However, the record indicates petitioner did not timely file an appeal. (See id. at 10.)

Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Zadvydas, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

The 90-day removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [non-citizen] is detained or confined (except under an immigration process), the date the [non-citizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

An order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete. See Johnson v. Guzman Chavez, 594 U.S. 523, 535 (2021). That occurred here on June 1, 2026, when the time for petitioner's appeal expired. (See ECF No. 12 at 7.) Accordingly, the removal period expires 90 days later, on August 30, 2026.

Petitioner asserts he has consistently attempted to preserve his appellate rights and that his appeal was rejected based on a curable defect. (ECF No. 15.) However, the record contains no indication that agency review proceedings are ongoing or that petitioner's removal order is being

2

judicially reviewed. Accordingly, the court must find the removal order is administratively final. See 8 U.S.C. § 1231(a)(1)(B). Detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes constitutional scrutiny. Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). Petitioner is not at this time entitled to a bond hearing under 8 U.S.C. § 1226, because that section applies to noncitizens detained pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1226; see Padilla-Ramirez v. Bible, 882 F.3d 826, 833 (9th Cir. 2017) (holding § 1226(a) has no application to a noncitizen "subject to an order of removal that is, by all appearances, administratively final"). The petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Respondent's motion to dissolve no-removal order (ECF No. 12) be granted.

2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mela1582.mer 1231 90 days

3